# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**

**Case Number: 6:08-CR-283-ORL-19DAB**

**ANTHONY JONES**

**USM Number: 23670-018**

**F. Wesley Blankner, Esq.**
**217 E. Ivanhoe Blvd. N.**
**Orlando, Fl 32804**

## JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Count One and Three of the Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 | Conspiracy to Possess With Intent to Distribute 500 Grams or More of Cocaine Hydrochloride | November 18, 2008 | One |
| 18 USC 924(c)(1)(A)<br>18 USC 924(c)(2) | Carrying a Firearm During and in Relation to a Drug Trafficking Offense | November 18, 2008 | Three |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts Two and Four of the Indictment are dismissed.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

6/22/2009

PATRICIA C. FAWSETT
UNITED STATES DISTRICT JUDGE

June 24, 2009

ANTHONY JONES
6:08-CR-283-ORL-19DAB

Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **200 Months.** (This term consists of a term of 140 months as to Count One and a term of 60 months as to Count Three, such term to run consecutive to Count One.)

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

____________________________________________________________

____________________________________________________________

____________________________________________________________

____________________________________________________________

Defendant delivered on ____________________ to ________________________________

at __________________________________________, with a certified copy of this judgment.

________________________________
UNITED STATES MARSHAL

By:________________________________
Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years**. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court orders random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall **participate in a substance abuse program** (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

2. The defendant shall **perform 200 hours of community service** as a condition of supervision in lieu of paying a fine.

3. The defendant shall **participate in a mental health program specializing in sex offender treatment and submit to polygraph testing for treatment and monitoring purposes**. The defendant shall follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the Probation Officer base on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

4. The defendant shall **register with the state sexual offender registration agency(s)** in any state where you reside, visit, are employed, carry on a vocation, or are a student, as directed by your probation officer. The probation officer will provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S.943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct you to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

5. The defendant shall **cooperate in the collection of DNA**, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$200.00** due immediately | **Waived** | -0- |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## FORFEITURE

The defendant shall forfeit to the United States those assets previously identified in the Indictment and Plea Agreement previously identified, that are subject to forfeiture.

## DENIAL OF FEDERAL BENEFITS
**(For Offenses Committed On or After November 18, 1988)**

**FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862**

**IT IS ORDERED** that the defendant shall be:

Ineligible for all federal benefits for a period of 10 years, ending June 21, 2019.

**Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk is responsible for sending a copy of this page and the first age of this judgment to:**

**Denial of Federal Benefits Program, U.S. Department of Justice, Office of Justice Assistance, 810 7th Street, N.W., Washington, DC 20531**

MD/FL - 5/2006

**Anthony Jones**

**DOCKET NO:** 6:08-CR-283-ORL-19DAB

Anthony Jones, on March 6, 2009, you entered a plea of guilty to Count One of the Indictment charging you with Conspiracy to Possess With Intent to Distribute 500 Grams or More of Cocaine Hydrochloride, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B)(ii), and Count Three of the Indictment charging you with Carrying a Firearm During and in Relation to a Drug Trafficking Offense, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and (c)(2).

We have now reached the stage in the proceedings where it is my duty to address several questions to you and your attorney and the counsel for the government:

**Rule 32 issues**

**(Questions to be posed to the defendant, the defendant's attorney and the attorney for the government:)**

Have you had the opportunity to read and discuss the presentence report?

Do you have any objections as to the factual accuracy of the report?

Do you wish to make any objections to the probation officer's application of the guidelines?

There being [illegible] objections to the factual statements contained in the presentence report, the Court adopts those statements as its findings of fact and determines that the advisory guidelines are:

**Findings of Fact and Application of Guidelines to Facts**

Total Offense Level 31

Criminal History Category VI

188 to 235 months imprisonment (plus 60 months consecutive as to Ct. Three)

4 to 5 years supervised release

$ N/A restitution

$ 17,500 to $ 2,000,000 fine

$ 200 special assessment

The Government's Motion Requesting Reconsider of Defendant's Substantial Assistance (#105) is Granted. The Guideline Range as to Count One is reduced 3 levels to Total Offense level 28 Criminal History Category VI (140-175 mos)

**RE: Jones, Anthony**

**SENTENCE**

**Rule 32 issues**

**(Questions to be posed to the defendant, the defendant's attorney and the attorney for the government:)**

Do you know of any reason why this Court should not now proceed with imposition of sentence?

Do you wish to make a statement or to present any information in mitigation of the sentence?

The Court has asked the defendant why judgment should not now be pronounced, and, after hearing the defendant's response, the Court has found no cause to the contrary. The parties have made statements in their behalf or have waived the opportunity to do so, and the Court has reviewed the presentence report. Pursuant to Title 18, United States Code, Sections 3551 and 3553 and the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Anthony Jones, is hereby:

**Imprisonment**

Committed to the custody of the Bureau of Prisons to be imprisoned for a term of 140 months on Count One plus 60 months consecutive on Count Three for a total of 200 months [ ]. The terms of imprisonment imposed by this judgment shall run ~~consecutively to the defendant's term of imprisonment imposed pursuant to the judgment in Docket Number 99-78-CR-ORL-18C.~~

**Supervised Release**

Upon release from imprisonment, you shall be placed on supervised release for a term of [ 4 years ]

**Mandatory Drug Testing**

The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

**RE: Jones, Anthony**

**Special Conditions**

While on supervised release, you shall comply with the standard conditions adopted by the Court in the Middle District of Florida.

In addition, you shall comply with the following special conditions:

**Drug Aftercare**

You shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this Court directive. Further, you shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon the completion of this program, you are directed to submit to random drug testing.

**Mental Health (Sex Offender)**

You shall participate in a mental health program specializing in sexual offender treatment and submit to polygraph testing for treatment and monitoring purposes. You shall follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

**Legal Requirements**

You shall register with the state sexual offender registration agency(s) in any state where you reside, visit, are employed, carry on a vocation, or are a student, as directed by the probation officer.

**RE: Jones, Anthony**

The probation officer shall provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S. 943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct you to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

**Risk Control**

You shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate, including: schools, daycare centers, theme parks, playgrounds, etc.

You are prohibited from possessing, subscribing to, or viewing, any video, magazines, or literature depicting children in the nude and/or in sexually explicit positions.

You shall not possess or use a computer with access to any online service at any location (including employment) without written approval from the probation officer. This includes access through any Internet service provider, bulletin board system, or any public or private computer network system. You shall permit routine inspection of your computer system, hard drives, and other media storage materials, to confirm adherence to this condition. This inspection shall be no more intrusive than is necessary to ensure compliance with this condition. You shall inform your employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provision of the condition.

**RE: Jones, Anthony**

**Search**

You shall submit to a search of your person, residence, place of business, any storage units under your control, computer, or vehicle, conducted by the probation officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; you shall inform any residents that the premises may be subject to a search pursuant to this condition.

**DNA Collection**

You shall cooperate in the collection of DNA, as directed by the probation officer.

**Fine**

Based upon your limited financial status, the fine is waived.

**OR**

It is further ordered that you shall pay to the United States a fine of $____________.

While in Bureau of Prisons custody, you shall either (1) pay at least $25 quarterly if you have a non-Unicor job or (2) pay at least 50% of your monthly earnings if you have a Unicor job. Upon release from custody, you are ordered to begin making payments of $*50 *100 per month and this payment schedule shall continue until such time as the Court is notified by you or the government that there has been a material change in your ability to pay.

**OR**

You are hereby ordered to immediately pay this obligation in full.

**Community Service**

In lieu of paying a fine, you shall perform 200 hours of community service as a condition of supervised release.

**RE: Jones, Anthony**

**Special Assessment**

It is further ordered that you shall pay to the United States a special assessment of $200, which shall be due immediately.

**Forfeiture (If applicable)**

It is further ordered that you shall forfeit to the United States those assets previously identified in the Indictment and Plea Agreement, that are subject to forfeiture.

**Denial of Benefits**

You shall be ineligible for federal benefits for 10 years, ending June 21, 2019.

**Reasons for Sentence**

The guideline range exceeds 24 months, and the reason for imposing the selected sentence is that after considering the advisory sentencing guidelines, the minimum mandatory sentence required by statute, and all of the factors identified in Title 18, United States Code, Sections 3553(a)(1) - (7), the Court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

The Court finds that you have provided substantial assistance to the government. Pursuant to USSG §5K1.1, the Court is imposing a sentence that departs below the otherwise applicable guideline range.

OR

The Court departs from the guideline range for the following reason(s):

**RE: Jones, Anthony**

**Plea Agreement**

The Court has accepted the Plea Agreement because it is satisfied that the agreement adequately reflects the seriousness of the actual offense behavior and that accepting the Plea Agreement will not undermine the statutory purposes of sentencing. The Court finds that a conviction on the additional counts would not affect the offense level or any other guideline computation.

**Other Counts**

In accordance with the Plea Agreement, it is ordered that Counts Two and Four of the Indictment be dismissed.

**Remand**

You are hereby remanded to the custody of the United States Marshal to await designation by the Bureau of Prisons.

**Final Objections**

The Court having pronounced sentence, does counsel for the defendant or Government have any objections to the sentence or to the manner in which the Court pronounced sentence, other than those previously stated for the record?

**Notice of Appeal of Sentence**

To the extent permitted by your Plea Agreement, you are now advised that it is your right to appeal from the sentence within ten (10) days from this date or from the date the judgment is recorded, whichever is later. Failure to appeal within the ten-day period shall be a waiver of your right to appeal. The government may file an appeal from this sentence. You are also advised that you are entitled to assistance of counsel in taking an appeal, and if you are unable to afford a lawyer, one will be provided for you.

**RE: Jones, Anthony**

**Instructions to Clerk**

        The Clerk is instructed to attach this sentencing statement to the Judgment and Commitment Order.